UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Washington, # 257151, | C/A No. 9:12-1127-JFA-BM |
| Plaintiff, | |
| vs. | Report and Recommendation for *Partial* Summary Dismissal |
| Leroy Cartledge, *Warden*; H. Glickwell, *DHO*; L. Holmes, *IGC*, The McCormick Correctional Institution, | |
| Defendants. | |

Plaintiff is an inmate at the McCormick Correctional Institution. The above-captioned civil rights action concerns prison disciplinary proceedings, alleged retaliation, and alleged interference with the prison grievance procedure. In a separately-filed order, the undersigned is authorizing service of process upon the three individual Defendants.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147,



1151 (4th Cir. 1978). As Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*); *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that a named defendant or respondent is plausibly liable, not merely possibly liable; *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009); and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The McCormick Correctional Institution is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the McCormick Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."), which are cited in *Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008). *Cf. Roach v. West Virginia Reg'l Jail and Corr. Facility*, 74 F.3d 46, 48 (4th Cir. 1996) (the futility of a remand to West Virginia state court did not provide an exception to the "plain meaning" of old § 1447(c), even though West Virginia Regional Jail and



Correctional Facility Authority was not a "person" subject to suit under 42 U.S.C. § 1983). Therefore, the McCormick Correctional Institution is entitled to dismissal as a party Defendant.

## *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the McCormick Correctional Institution as a party Defendant *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

May 7, 2012  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

3



**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

